# IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
# IN AND FOR SUSSEX COUNTY

ELBERT SMALLS,               )
                            )
    Appellant/ Defendant-Below,   )
                            )
    v.                       )     C.A. No. CPU6-16-000664
                            )
NETWORK CONTRACTING, INC.,   )
A Maryland Corporation       )
                            )
    Appellee/ Plaintiff-Below.    )
                            )

Submitted February 22, 2017
Decided February 28, 2017

*Elbert Smalls, pro se, for Appellant/ Defendant-Below*
*Chad Lingenfelder, Esq., Attorney for Appellee/ Plaintiff-Below*

## DECISION ON MOTION TO DISMISS

On February 22, 2017, the Court held a hearing prior to trial on two motions, (1) a motion to amend the pleadings filed by Appellee/ Plaintiff-Below, and (2) a motion to dismiss filed by Appellant/ Defendant-Below. The Court granted the motion to amend to allow Appellee/ Plaintiff-Below to correct its name from Network Electrical Contracting, Inc. to Network Contracting, Inc. In response to information presented during the motion to dismiss hearing, the Court declined to proceed to trial and entered judgment on the record against Appellee/ Plaintiff-Below for failure to plead on appeal, pursuant to Ct. Com. Pl. Civ. R. 55(bb2). Given the unusual nature of this case, the

Court informed the parties it would prepare a written decision. This is the Court's decision.

## PROCEDURAL HISTORY AND FACTS

On July 12, 2016, the JP Court entered judgment against Appellant/Defendant-Below Elbert Smalls ("Smalls") arising from Smalls' failure to pay for home electrical wiring services rendered by Appellee/Plaintiff-Below Network Contracting, Inc ("NCI"). Smalls filed a timely appeal *de novo* to this Court on July 27, 2016. The parties filed pleadings and various motions. On January 25, 2017, Smalls filed an amended motion to dismiss. In this motion, Smalls argued the Court should dismiss the action and vacate the ruling below because NCI was forfeited by the State of Maryland on October 1, 2013, and therefore could not have contracted with him. Upon hearing the relief requested by Smalls, a *pro se* litigant, the Court interpreted the filing as a motion for entry of judgment. During the hearing, Smalls entered into evidence a signed document under seal, dated January 13, 2017, from the State of Maryland Department of Assessments and Taxation.[1] According to that document, NCI was forfeited on October 1, 2013. Counsel for NCI verified that NCI's corporate charter was forfeited and has not been revived. Neither party disputed that the Court should apply Maryland law to determine the effect of corporate charter forfeiture.[2]

## DISCUSSION

_____

[1] Appellant/ Defendant-Below's Exhibit 1.

[2] The Superior Court applied Maryland law in a case requiring similar analysis. *See generally Hitch v. Cassidy*, 1994 WL 380492 (Del. Super. July 8, 1994) ("Everyone agrees that this Court must look to Maryland law to determine what effect the forfeiture of Delmarva's charter had on the issue at hand since Delmarva is a Maryland corporation.")

According to Ct. Com. Pl. Civ. R. 55(bb2), "when an appellee having the duty of serving the complaint or other first pleading fails to do so as required by Rule 72.3(a), judgment shall be entered against appellee for failure to plead." Pursuant to Maryland law, when a corporation is forfeited, its charter is "repealed, annulled, and forfeited, and the powers conferred by law on the corporation[] are inoperative, null, and void as of the date of the proclamation."[3] Maryland's highest court has held that except for the limited purposes of "winding up," an un-revived forfeited corporation has no authority to sue or be sued because the entity does not exist.[4] Complaints filed by forfeited corporations are deemed "nullities."[5] Because NCI's charter was forfeited in 2013, it is a nonentity that does not exist. Furthermore, this suit cannot be part of a corporate wind up because forfeiture occurred well before the contract at issue was formed. NCI had no legal ability to sue in JP Court or to appear before this Court, and the complaint on appeal is a "nullity." Therefore, NCI failed to plead, and judgment must be entered for Smalls.

Though not raised, the Court considered the potential application of the mirror image rule, which strips this Court of jurisdiction to hear appeals *de novo* that fail to join identical parties and raise identical issues to those in the court below.[6] When deciding whether identical issues have been raised, the Court looks to what has been "heard and

---

[3] MD. CODE ANN., Corp. & Ass'ns § 3-503.

[4] *Atlantic Mill & Lumber Realty Co. v. Keefer*, 20 A.2d 178 (Md. 1941) (holding corporation that forfeited its charter could not file mechanics' lien, enforce the lien nor petition for authority to file an amended complaint because the petitioning corporation did not exist); *Stein v. Smith*, 751 A.2d 504 (Md. 2000) (holding corporation that forfeited its charter was a "nonentity" and the complaint filed by it was a "nullity"); *See also Dual Inc. v. Lockheed Martin Corp.*, 857 A.2d 1095 (Md. 2003).

[5] *Stein*, 751 A.2d at 506; *Dual Inc.*, 857 A.2d at 1101.

[6] Ct. Com. Pl. Civ. R. 72.3(f).

decided" below.[7] In this case, given the date of the forfeiture notice and the contents of the JP Court decision,[8] it is unlikely the JP Court heard and decided the forfeiture issue. However, the mirror image rule would not apply in this situation because NCI's nullity is not going toward a substantive issue, but rather is being used to determine whether the lawsuit at issue is fatally defective. Even if the mirror image rule did apply, "almost no rule is absolute, and the paramount requirement is to see that justice is done."[9] It would be improper and unjust to allow a nonexistent "ghost" party to avail itself of Delaware courts.

Finally, though the parties proffered arguments about the substantive question of whether a Maryland corporation with a forfeited charter can enter into a contract, the Court concluded it need not reach that issue as this case must fail for the procedural reasons discussed above.

## CONCLUSION

For these reasons, the Court entered judgment in favor of Appellant/ Defendant-Below Elbert Smalls.

IT IS SO ORDERED this 28 day of February, 2017.

The Honorable Rosemary Betts Beauregard

---

[7] *Silverview Farm, Inc. v. Laushey*, 2006 WL 1112911 (Del. Com. Pl. Apr. 26, 2006).

[8] There is no answer in the docket below for the Court to consider, and the complaint does not shed light on the issue as forfeiture would have been raised by the Defendant-Below.

[9] *Morgan v. Swain*, 2009 WL 3309173 (Del. Super. Sept. 17, 2009).